1    JULIE A. DUNNE, Bar No. 160544
       jdunne@littler.com
2    DENISE M. VISCONTI, Bar No. 214168
       dvisconti@littler.com
3    EMILY T. PATAJO, Bar No. 250212
       epatajo@littler.com
4    LITTLER MENDELSON
       A Professional Corporation
5    501 W. Broadway, Suite 900
       San Diego, CA 92101.3577
6    Telephone:   619.232.0441
       Facsimile:    619.232.4302

7

8    Attorneys for Defendant
       J.C. PENNEY CORPORATION, INC.

9                    UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11   RAYMOND TSCHUDY, | Case No. **'11 CV 1011 JM    CAB** |
| 12          Plaintiff, | (San Diego Superior Court Case No. 37-2011-00088964-CU-BT-CTL) |
| 13        v. | **NOTICE TO FEDERAL COURT OF** |
| 14   J.C. PENNEY CORPORATION, INC., a | **REMOVAL OF CIVIL ACTION BY** |
|     Delaware Corporation; and DOES 1 | **DEFENDANT J.C. PENNEY** |
| 15   through 100, inclusive, | **CORPORATION, INC. FROM STATE** |
| | **COURT** |
| 16        Defendants. | |
| 17 | **[28 U.S.C. §§ 1332, 1441, 1446]** |

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:101479877.2 064615.1008

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

2  DISTRICT OF CALIFORNIA AND PLAINTIFF RAYMOND TSCHUDY AND HIS

3  ATTORNEYS OF RECORD:

4       PLEASE TAKE NOTICE THAT Defendant J.C. PENNEY CORPORATION, INC., a

5  Delaware Corporation ("Defendant"), hereby removes the state court action described herein, filed in

6  the Superior Court of the State of California, County of San Diego to the United States District

7  Court, Southern District of California.   This removal is based on 28 U.S.C. sections 1332(d),

8  1441(a), and 1446, and specifically on the following grounds:

9  **STATEMENT OF JURISDICTION**

10       1.   This Court has original jurisdiction over this action pursuant to the Class Action

11  Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1332(d).  In relevant part, CAFA grants district

12  courts original jurisdiction over civil class actions filed under federal or state law in which any

13  member of a class of plaintiffs is a citizen of a state different from any defendant, and where the

14  amount in controversy for the putative class members in the aggregate exceeds the sum or value of

15  $5,000,000, exclusive of interest and costs.  As set forth below, this case meets all of CAFA's

16  requirements for removal and is timely and properly removed by the filing of this Notice.

17  **VENUE**

18       2.   Plaintiff filed this action in the Superior Court of California for the County of San

19  Diego.  Thus, venue properly lies in the United States District Court for the Southern District of

20  California. *See* 28 U.S.C. §§ 84(d), 1391(a), 1441(a).

21  **PLEADINGS, PROCESS AND ORDERS**

22       3.   On April 5, 2011, Plaintiff Raymond Tschudy ("Plaintiff"), on behalf of himself and

23  all others similarly situated, filed a class action complaint in the Superior Court of California for the

24  County of San Diego, entitled *RAYMOND TSCHUDY, individually, on behalf of himself, all others*

25  *similarly situated, and on behalf of the general public, v. J.C. PENNEY CORPORATION, INC., a*

26  *Delaware Corporation; and DOES 1 to 100, inclusive*, Case No. 37-2011-00088964-CU-BT-CTL

27  (herein referred to as the "Complaint").   A true and correct copy of Plaintiff's Complaint is attached

28  hereto as **Exhibit A**.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

FIRMWIDE:101479877.2 064615.1008

1.

NOTICE TO FEDERAL COURT OF REMOVAL

1    4.    Defendant timely filed its Answer to the Complaint on May 6, 2011.  A true and

2    correct copy of the Answer is attached hereto as **Exhibit B**.

3    5.    As of the date of the filing of this Notice of Removal, no other defendants have been

4    named or served with a copy of the Complaint.

5    6.    To Defendant's knowledge, no other pleadings, process, or orders related to this case

6    have been filed in San Diego Superior Court.

7                              **TIMELINESS OF REMOVAL**

8    7.    This Notice of Removal is timely, in that 28 U.S.C. section 1446(b) requires that a

9    notice of removal in a civil action must be filed within thirty (30) days after service of the summons

10   and complaint.  28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,

11   526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the

12   summons and complaint).  Plaintiff filed his Complaint in San Diego Superior Court on April 5,

13   2011.  Plaintiff served Defendant with a copy of the Summons and Complaint on April 7, 2011.

14   Accordingly, this Notice of Removal is timely.

15                     **DIVERSITY JURISDICTION PURSUANT TO CAFA**

16   8.    CAFA grants federal district courts original jurisdiction over civil class action

17   lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a

18   state different from any defendant, and where the matter's amount in controversy exceeds

19   $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  CAFA authorizes removal of

20   such actions in accordance with 28 U.S.C. § 1446.  As set forth below, this case meets each CAFA

21   requirement for removal, and is timely and properly removed by the filing of this notice.

22   9.    Specifically, this Court has jurisdiction over this case under CAFA because it is a

23   civil class action wherein: (1) the proposed class consists of at least 100 members; (2) Defendant is

24   not a state, state official, or other governmental entity; (3) there is diversity between at least one

25   class member and one defendant; and (4) the amount in controversy for all class members exceeds

26   $5 million.

27   / / /

28   / / /

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

FIRMWIDE:101479877.2 064615.1008                 2.

NOTICE TO FEDERAL COURT OF REMOVAL

**THE PROPOSED CLASS CONSISTS OF MORE THAN 53,000 MEMBERS**

10.     The class Plaintiff seeks to represent consists of at least 53,220 members. (Declaration of Cindy Del Valle in Support of Defendant's Notice of Removal ("Del Valle Decl.") ¶ 4.)

**DEFENDANT IS NOT A GOVERNMENTAL ENTITY**

11.     Defendant is not a state, state official, or other governmental entity.

**PLAINTIFF'S CITIZENSHIP IS DIVERSE FROM DEFENDANT'S CITIZENSHIP**

12.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b); *Bush v. Cheaptickets, Inc.,* 425 F.3d 683, 684 (9th Cir. 2005).

13.     Here, minimal diversity of citizenship exists because Plaintiff and Defendant are citizens of different states, in that Plaintiff is a California citizen and Defendant is a citizen of the States of Delaware and Texas.

14.     **Plaintiff's Citizenship**.    Plaintiff is a citizen of the State of California.    His Complaint expressly avers that he is a resident of the State of California. (Complaint ¶ 1.) A person is a "citizen" of the state in which he is domiciled for purposes of evaluating diversity. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain).    Accordingly, Plaintiff is a citizen of the State of California.

15.     **Defendant's Citizenship**.    A corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."    28 U.S.C. § 1332(c)(1).    Here, Defendant was, at the time of the filing of this action, and remains, a citizen of the States of Delaware and Texas.

16.     J.C. Penney Corporation, Inc. is incorporated in the State of Delaware, with its principal place of business in Plano, Texas. (Del Valle Decl. ¶¶ 2-3.)

17.     As to the latter aspect of the corporate citizenship analysis, the United States Supreme Court recently addressed the varying approaches to the "principal place of business" analysis and announced a single, uniform test to be applied in making such a determination. *See Hertz Corp. v.*

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:101479877.2 064615.1008                    3.

NOTICE TO FEDERAL COURT OF REMOVAL

1    *Friend*, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (U.S. 2010).   Specifically, the Court held that the

2    "nerve center" test should be used to determine a corporation's "principal place of business."  *Id.*

3        18.    A corporation's "nerve center" is normally located where the corporation maintains

4    its corporate headquarters and where the "corporation's officers direct, control, and coordinate the

5    corporation's activities."  *Id.*  In other words, a corporation's "principal place of business" can be

6    found where its "brain" is located.  *Id.* at 1193.  This analysis focuses on the place at which the

7    corporation's executive and administrative functions are conducted.  *See Indus. Tectronics, Inc. v.*

8    *Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*,

9    710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining, among other

10   factors, where the corporation's headquarters are located and where its principal policy and

11   executive decisions are made).

12       19.    Defendant's principal place of business, or "nerve center," is indisputably located in

13   Plano, Texas.   Indeed, Defendant's corporate headquarters are located in Texas and nearly all of

14   Defendant's executive and administrative functions are carried out at its Texas headquarters

15   location. (Del Valle Decl. ¶ 3.)

16       20.    Accordingly, Defendant is not a citizen of California, but rather it is a citizen of

17   Delaware and Texas for purposes of determining diversity of citizenship. *See, e.g., Breitman v. May*

18   *Co.*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation was citizen of state in which its corporate

19   headquarters were located and where its executive and administrative functions were performed).

20       21.    Defendants DOES 1 to 100 are fictitious.   The Complaint does not set forth the

21   identity or status of any fictitious defendants, nor does it set forth any charging allegation against

22   any fictitious defendants.   Thus, pursuant to Section 1441(a), the citizenship of defendants sued

23   under fictitious names must be disregarded for purposes of determining diversity jurisdiction and

24   cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf*

25   *Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

26       22.    Accordingly, because Plaintiff is a citizen of a state different from Defendant,

27   minimal diversity exists for purposes of establishing CAFA jurisdiction.   *See* 28 U.S.C. §§

28   1332(d)(2)(A), 1453(b).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92103 3577
619 232 0441

FIRMWIDE:101479877.2 064615.1008                    4.

**THE AGGREGATE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000**

23.     This Court has jurisdiction under CAFA, which authorizes the removal of a class action in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

24.     The Complaint is silent as to the total amount in controversy.  Plaintiff's failure to specify the total amount of damages or other monetary relief in the Complaint, however, does not deprive this Court of jurisdiction. *See White v. J. C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiffs to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining … to place a specific dollar claim upon its claim.").  Defendant need only to establish by *a preponderance of evidence* that the claims exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

25.     Defendant can establish the amount in controversy by relying upon the allegations in the Complaint, and by setting forth facts in the Notice of Removal that demonstrate that the amount in controversy "more likely than not" exceeds the jurisdictional minimum. *Sanchez*, 102 F.3d at 404; *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("[T]he requirement under CAFA that the amount in controversy exceed $5,000,000 in the aggregate may be established either from the viewpoint of the plaintiff or the viewpoint of the defendant.").  Further, in addition to the contents of the removal petition, the Court properly considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations, in assessing the amount in controversy. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer*, 116 F.3d at 377.

26.     In calculating the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff in all claims asserted in his Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 1001 (C.D. Cal. 2002).  The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendant will actually owe. *Rippee*, 408 F.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

FIRMWIDE:101479877.2 064615.1008                        5.

NOTICE TO FEDERAL COURT OF REMOVAL

1   Supp. 2d at 986; *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399

2   (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is

3   considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's

4   complaint).

5          27.     Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims,

6   the legal theories upon which they are ostensibly based and the alleged claims for monetary and

7   other relief that flow therefrom.  For purposes of removal only, however, and without conceding that

8   Plaintiff or the putative class is entitled to any damages or penalties whatsoever, it is readily

9   apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence,

10  that the amount in controversy well exceeds the jurisdictional minimum of $5,000,000.

11         28.     Plaintiff asserts the following claims in his Complaint: (1) forfeiture of accrued and

12  vested vacation wages in violation of California Labor Code section 200, *et seq.* (which includes,

13  *inter alia,* causes of action for failure to pay unused vested vacation time at time of termination in

14  violation of California Labor Code section 203, failure to timely pay all compensation earned in

15  violation of California Labor Code section 204, attorney's fees pursuant to California Labor Code

16  section 281.5, interest due on any unpaid wages due pursuant to California Labor Code section

17  218.6, and failure to pay vacation wages in violation of California Labor Code section 227.3), and

18  (2) Unfair Business Acts and Practices in violation of California Business & Professions Code

19  section 17200, *et seq.*  Plaintiff's claims are based on Defendant's alleged failure to compensate

20  Plaintiff and the class he seeks to represent their vacation benefits.  As set forth below, the facial

21  allegations in Plaintiff's Complaint and the total amount of wages, penalties, attorneys' fees,

22  injunctive relief, and other monetary relief at issue in this action is in excess of this Court's

23  jurisdictional minimum under CAFA.

24         29.     **Forfeiture of Wages**. Plaintiff's Complaint seeks vacation wages that he and other

25  putative class members allegedly accrued, but which he and the putative class members forfeited

26  and/or were denied compensation in lieu thereof.  (Complaint ¶¶ 7-9, 29.)  According to Plaintiff,

27  Defendant's employees forfeited vacation benefits if they were not employed on the first day of the

28  month following the month or months in which they earned such vacation benefits. (Complaint ¶ 9.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

FIRMWIDE:101479877.2 064615.1008       6.

NOTICE TO FEDERAL COURT OF REMOVAL

Defendant denies Plaintiff's claims. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to recoup vacation benefits they allegedly forfeited, the amount potentially in controversy for this claim by Plaintiff is $2,985,482.34. (Declaration of Denise M. Visconti in Support of Defendant's Notice of Removal ("Visconti Decl."), ¶ 3(e).)

30.   **Waiting Time Penalties**. Plaintiff left his employment with Defendant on February 22, 2008, and claims Defendant failed to pay him for all vacation wages he accrued and earned as of that date. Complaint ¶¶ 18-20. According to Plaintiff, Defendant owes him waiting time penalties pursuant to California Labor Code section 203 in the amount of 30 days' wages. Complaint ¶ 35. Defendant denies Plaintiff's claims. Nevertheless, assuming, *arguendo*, Plaintiff and the putative class members are entitled to recoup waiting time penalties they allegedly forfeited, the amount potentially in controversy for this claim by Plaintiff is $4,020,043.50. (Visconti Decl., ¶ 3(f).)

31.   **Attorneys' Fees**. In addition to the foregoing amounts, which total a minimum of $7,005,525.84, Plaintiff seeks attorneys' fees pursuant to Labor Code section 218.5. Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of 25% of the potential damages amount as an estimate of attorneys' fees. Such an award of attorneys' fees would increase the amount in controversy by $1,751,381.46 for a total of $8,756,907.30. (Visconti Decl., ¶ 4.)

The Court may consider the attorneys' fees that Plaintiff seeks to recover pursuant to California Labor Code section 218.5, California Code of Civil Procedure section 1021.5, and other statutory authority (See Complaint, ¶¶ 38, 47, and Prayer for Relief), in determining whether the amount in controversy has been satisfied. *See, e.g., Bell v. Preferred Life*, 320 U.S. 238 (1943); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (properly including prayer for attorneys' fees in determining amount in controversy where potentially recoverable by statute); *Goldberg v. C.P.C Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (stating that attorneys' fees may be taken into account to determine jurisdictional amounts).

32.   Accordingly, although Defendant fully denies Plaintiff's claims of wrongdoing as alleged in his Complaint, it is apparent that the amount placed in controversy by Plaintiff's alleged claims readily exceeds the $5,000,000 threshold requirement of CAFA.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

FIRMWIDE:101479877.2 064615.1008                    7.

NOTICE TO FEDERAL COURT OF REMOVAL

## NOTICE TO PLAINTIFF AND STATE COURT

33.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, the Law Offices of Sheldon A. Ostroff and Huffman & Kostas, and a copy of the Notice of Removal will be filed with the Clerk of the San Diego Superior Court.

Dated: May 9, 2011

s/Denise M. Visconti
JULIE A. DUNNE
DENISE M. VISCONTI
EMILY T. PATAJO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
J.C. PENNEY CORPORATION, INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101-3577
619.232.0441

FIRMWIDE:101479877.2 064615.1008

8.