# EXHIBIT A



**Service of Process Transmittal**
04/07/2011
CT Log Number 518319795

**TO:** Irma Gonzalez
J. C. Penney Corporation, Inc.
6501 Legacy Drive, MS 1117
Plano, TX 75024

**RE:** **Process Served in California**

**FOR:** J. C. Penney Corporation, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Raymond Tschudy, Individuallly, on behalf of himself, all others similarly situated, and on behalf of the general public, Pltf. vs. J.C. Penney Corporation, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Complaint, Notice of Case Assignment, ADR Information, Stipulation Form, Letter |
| **COURT/AGENCY:** | San Diego County, Superior Court, CA<br>Case # 37201100088964CUBTCTL |
| **NATURE OF ACTION:** | Employee Litigation - Forfeiture of wages - Employees are forced to forfeit, witrhout compensation, all accrued paid vacation beneftis - Seeking injunction prohibiting defendants from engaging in such practices |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/07/2011 at 09:45 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons - File a written response (See document for additional deadlines) |
| **ATTORNEY(S) / SENDER(S):** | James C. Kostas<br>Huffman & Kostas<br>1441 State Street,<br>San Diego, CA 92101<br>619-544-0880 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/07/2011, Expected Purge Date: 04/12/2011<br>Image SOP<br>Email Notification, Angie Jensen AJENS1@JCPENNEY.COM<br>Email Notification, Irma Gonzalez igonz3@jcpenney.com<br>Email Notification, Mira Lafferton malaffer@jcpenney.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

4/7/11 9:45

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2011 APR -5 A 11: 06

SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:** J. C. PENNEY CORPORATION, INC., a
***(AVISO AL DEMANDADO):*** Delaware corporation; and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** RAYMOND TSCHUDY,
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** individually, on behalf of himself, all others similarly situated, and on behalf of the general public

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Hall of Justice
330 W. Broadway
330 W. Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*
37-2011-00088964-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James C. Kostas, APC (SBN115948)
Huffman & Kostas
1441 State Street
San Diego, CA 92101

Sheldon A. Ostroff, APC (SBN108510) (619) 544-0880
Law Offices of Sheldon A. Ostroff
1441 State Street
San Diego, CA 92101

DATE: APR 05 2011
*(Fecha)*

Clerk, by B. Orihuela, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: J.C. penney corporation, Inc., A Delaware corporation

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☑ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California

SUMMONS

Legal Solutions

Code of Civil Procedure §§ 412.20, 465

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
James C. Kostas, APC (SBN115948) Sheldon A. Ostroff, APC (SBN108510)
Huffman & Kostas Law Offices of Sheldon A. Ostroff
A Partnership of Professional Corporations A Professional Corporation
1441 State Street 1441 State Street
San Diego, CA 92101 San Diego, CA 92101
TELEPHONE NO.: (619) 544-0880 FAX NO.: (619) 544-0892
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

CIVIL BUSINESS OFFICE 12
CENTRAL DIVISION
2011 APR -5 A 11: 06
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME: RAYMOND TSCHUDY V. J. C. PENNEY CORPORATION, INC.

## CIVIL CASE COVER SHEET

[x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2011-00088964-CU-BT-CTL
JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify)*: Two (2)

5. This case [x] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 5, 2011
Sheldon A. Ostroff
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Legal Solutions Plus
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

OFFICE 12 DIVISION
2011 APR -5 A 11:06
COURT COUNTY, CA

LAW OFFICES OF SHELDON A. OSTROFF
Sheldon A. Ostroff, APC (State Bar #108510)
1441 State Street
San Diego, California 92101
(619) 544-0881

HUFFMAN & KOSTAS
A Partnership of Professional Corporations
James C. Kostas, APC (State Bar # 115948)
David Huffman, APC (State Bar # 69026)
1441 State Street
San Diego, California 92101
(619) 544-0880

Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

RAYMOND TSCHUDY, individually, on behalf of himself, all others similarly situated, and on behalf of the general public,

Plaintiff,

v.

J. C. PENNEY CORPORATION, INC., a Delaware corporation; and DOES 1 to 100, inclusive,

Defendants.

CASE NO. 37-2011-00088964-CU-BT-CTL

CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR LAW STATUTES AND UNFAIR BUSINESS PRACTICES

Plaintiff Raymond Tschudy, on behalf of himself, on behalf of all others similarly situated, and on behalf of the general public, hereby complains and alleges on information and belief as follows:

**PARTIES**

1. Plaintiff, Raymond Tschudy ("TSCHUDY"), is, at all times relevant hereto, was an individual residing in the State of California.

2. This action is filed on behalf of TSCHUDY, individually, on behalf of the general public, and on behalf of all members of class defined in paragraph 22 below under the provisions of California Code

of Civil Procedure Section 382, which provides, *inter alia*, that a class action may be brought when the question is one of common interest to many persons, or when the number of persons is numerous and it is impracticable to bring them all before the court. This action is properly filed and maintained as a class action for the reasons set forth below.

3. Defendant J. C. PENNEY CORPORATION, INC. ("J. C. PENNEY") is, and all times relevant hereto was, a Delaware corporation licensed to do and doing business throughout the State of California, including San Diego County.

4. DOES 1 to 50, are and at all relevant times hereto were, corporations and/or business entities organized and existing under the laws of and/or qualified to do business in California and were affiliates, subsidiaries, parent corporations and/or joint venturers with J. C. PENNEY. DOES 51 to 100 were individuals who were the agents of and/or employees of the corporate/business entity defendants, and were at all times herein mentioned acting within the course and scope of such agency and employment and are therefore liable for the wrongful acts and omissions of each other defendant.

5. Plaintiff does not know the true names of defendant DOES 1 through 100, and therefore sue them by those fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those defendants was in some manner responsible for the events and happenings alleged in this complaint and for the injuries and damages of TSCHUDY, all others similarly situated and the general public.

## GENERAL ALLEGATIONS

6. J. C. PENNEY owns, operates, and manages retail department stores throughout the State of California, including the County of San Diego.

7. At all times relevant hereto, J. C. PENNEY had in effect written vacation policies whereby such J. C. PENNEY's employees were provided paid time off in the form of vacation as part of their compensation.

8. Pursuant to J. C. PENNEY's vacation policies, J. C. PENNEY's California employees are forced to forfeit, without compensation, all accrued and unused paid vacation if such employees are not employed on the first day of the calendar month following the month or months during which such paid vacation benefits were earned.

9. At all times relevant hereto, J. C. PENNEY enforced its vacation policies which required its employees to forfeit, without compensation, earned vacation benefits if such employees were not employed on the first day of the month following the month or months such paid vacation benefits were earned.

10. At all times relevant hereto, J. C. PENNEY warranted and represented, expressly and/or impliedly, that its policies and practices as set forth herein, were in compliance with all applicable statutes, regulations, rules and/or ordinances.

11. At all times relevant hereto, TSCHUDY justifiably relied on J. C. PENNEY's express and/or implied warranties and representations that its policies and practices as set forth herein, were in compliance with all applicable statutes, regulations, rules and/or ordinances.

12. At all times relevant hereto, J. C. PENNEY knew, or should have known, that its policies and practices as set forth herein were not compliant with all applicable statutes, regulations, rules and/or ordinances which (1) require payment for all hours worked, (2) prohibit the forfeiture of wages, (3) require the payment of all wages when due.

13. At all times relevant hereto, J. C. PENNEY concealed the illegality of its policies and practices as alleged herein from TSCHUDY and all other similarly situated employees, past and present.

14. TSCHUDY had no knowledge, constructive or actual, prior to on or about April 1, 2011, that he had suffered any harm as a result of J. C. PENNEY's policies and practices or that such policies and practices were the unlawful cause of such harm.

15. The policies and practices adopted, implemented and enforced by J. C. PENNEY as set forth herein are unlawful and violate California Labor Code Sections 200, *et seq*. and California common law

which require, *inter alia*, J. C. PENNEY to pay its employees all wages due to its employees. By virtue of J. C. PENNEY's unlawful policies and practices set forth herein, J. C. PENNEY have withheld and are withholding wages owed to its employees pursuant to these laws.

16. The statute of limitations on the claims asserted herein are equitably tolled as a result of J. C. PENNEY's unlawful policies and practices as set forth herein, J. C. PENNEY's representations that its policies and practices as set forth herein were lawful, J. C. PENNEY's concealment of the unlawful nature of its policies and practices as set forth herein, and/or TSCHUDY's inability to discover the harm he suffered and its unlawful causes as a result of J. C. PENNEY's unlawful policies and practices.

**TSCHUDY'S CLAIM**

17. TSCHUDY is a former employee of J. C. PENNEY.

18. TSCHUDY worked for J. C. PENNEY from in or about February 9, 2007 to in or about February 22, 2008.

19. At all times during the tenure of TSCHUDY's employment with J. C. PENNEY, TSCHUDY earned paid vacation pursuant to J. C. PENNEY's vacation policies.

20. As a result of J. C. PENNEY's unlawful conduct alleged herein, TSCHUDY was forced to forfeit wages in the form of paid vacation benefits, without compensation, in an amount according to proof at time of trial.

21. As a result of the J. C. PENNEY's unlawful policies and practices as alleged herein, TSCHUDY suffered injury in fact and has lost money and property in an amount according to proof at time of trial.

**THE CLASS**

22. The class in this case includes all similarly-situated former and current California employees of J. C. PENNEY who forfeited accrued paid vacation benefits and/or were denied compensation in lieu thereof pursuant to J. C. PENNEY's vacation policies.

23. The claims of TSCHUDY are typical of the claims of the members of the class.

24. TSCHUDY will fairly and adequately protect the interests of the class and has retained counsel competent and experienced in class action litigation.

25. The identification of the individual class members may be effectuated by reference to J. C. PENNEY's records. The total amount of wages forfeited denied the class members by J. C. PENNEY during the class period is readily ascertainable from J. C. PENNEY's records.

26. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Since the practices J. C. PENNEY engaged in are common to all members of the class, judicial economy is not served by multiple actions with duplicative and repetitive testimony.

27. The class of persons for whose benefit this case is brought consists of thousands of individuals whose claims, except as to amount of damages, are otherwise identical in that each class member was injured in the same way as a result of J. C. PENNEY's common course of conduct. The amount of earned paid vacation forfeited by each class member and/or the amount of compensation in lieu thereof denied each class member by J. C. PENNEY can be calculated by reference to J. C. PENNEY's records. Therefore, the repetitive testimony of each class member at trial would be impracticable, unnecessary, and an inefficient use of judicial resources.

28. Although the common questions involved in this class action collectively involve a large sum of money, it would be extremely difficult for an individual class member to economically maintain an individual action on his or her own behalf alone because of the modest amount at issue in each case.

29. This class action is proper because of the numerosity of the individuals who forfeited vested vacation and/or were denied compensation in lieu thereof. A multitude of individual actions would work a hardship on the court system and would be impracticable to coordinate by any other means than a class action.

///

30. TSCHUDY are aware of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

**FORFEITURE OF WAGES**

**(California Labor Code Section 200, *et seq.*)**

(By TSCHUDY on behalf of himself and all putative members of the class against J. C. PENNEY)

31. TSCHUDY realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32. The paid vacation benefits that J. C. PENNEY provides to its employees accrue and vest as such employees work. Pursuant to J. C. PENNEY's vacation policies, employees are forced to forfeit, without compensation, all accrued paid vacation benefits if such employees are not employed on the first day of the calendar month following the month or months during which such paid vacation benefits were earned.

33. J. C. PENNEY has violated and continues to violate California Labor Code Section 201, which provides in pertinent part as follows:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

34. J. C. PENNEY has violated and continues to violate California Labor Code Section 202, which provides in pertinent part as follows:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

///

///

35. J. C. PENNEY is liable for waiting time penalties pursuant to Labor Code Section 203, which provides as follows:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, and 202, any wages of an employee who is discharged or who quits, the wages of such employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but such wages shall not continue for more than 30 days...Suit may be filed for such penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

36. J. C. PENNEY has violated and continues to violate California Labor Code Section 204 which requires J. C. PENNEY to, *inter alia*, pay its employees all compensation earned no later than the pay day for the next payroll period.

37. California Labor Code Section 218 gives employees the right to file suit directly in a court of law, rather than going through the Labor Commissioner, as follows:

> Nothing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article.

38. TSCHUDY is entitled to an award of attorneys' fees and costs in prosecuting this action pursuant to California Labor Code Section 218.5, which provides in pertinent part as follows:

> In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.

39. J. C. PENNEY is liable for interest on all wages due and unpaid pursuant to Labor Code Section 218.6 which provides as follows:

> In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2.

///

40. California Labor Code Section 227.3 gives employees the right to be paid for unused vested vacation time upon termination, as follows in pertinent part:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.

**SECOND CAUSE OF ACTION**

**UNLAWFUL BUSINESS PRACTICES**

**(California Business & Professions Code Sections 17200, *et seq.*)**

**(By TSCHUDY on behalf of themselves and all putative members of the class against J. C. PENNEY)**

41. TSCHUDY realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 30 of the Complaint as though fully set forth herein.

42. The conduct of J. C. PENNEY with respect to its vacation policy which results in, *inter alia,* the withholding of wages and money due its employees, as more particularly described above, is an unlawful, unfair and/or deceptive business practice within the meaning of California Business and Professions Code Section 17200.

43. J. C. PENNEY's conduct is unlawful because the adoption, implementation and enforcement of its policies and practices as set forth herein violates the common law and statutory law of California. Specifically each of the discrete claims alleged herein are unlawful because they violate California Labor Code sections 200, *et seq.* and Civil Code Sections 1708 and/or 1712.

44. J. C. PENNEY's conduct is deceptive because its vacation policies and adoption, implementation and enforcement thereof, creates the deceptive impression that such policies are compliant

with all applicable laws and because J. C. PENNEY's deceptively refused to disclose and concealed the illegality of its conduct.

45. J. C. PENNEY's conduct is unfair because it results in its failure to pay all wages earned by its employees.

46. As a result of J. C. PENNEY's unlawful, unfair and/or deceptive business practices, members of the class and the general public have been denied wages attributable to vested vacation time pursuant to J. C. PENNEY's vacation policies. J. C. PENNEY is liable to make restitution for the dollar value of the forfeited vacation benefits withheld together with interest on the liquidated sum owing and attorneys' fees and costs as determined by the court. TSCHUDY also seeks an injunction enjoining J. C. PENNEY from continuing to commit its unlawful, unfair and/or deceptive practices by failing to properly provide vacation compensation as alleged herein. TSCHUDY will amend the complaint at the time of trial to include additional employees who continue to be subjected to J. C. PENNEY's unlawful, unfair and/or deceptive business practices until such time as the practice has been enjoined. Further, TSCHUDY reserve the right to supplement the restitution award after time of trial and until an injunction is issued to include additional persons who have been damaged by J. C. PENNEY's unlawful, unfair and/or deceptive business practices.

47. TSCHUDY is entitled to an award of attorney's fees in prosecuting this action pursuant to California Code of Civil Procedure Section 1021.5.

**WHEREFORE**, TSCHUDY requests judgment be entered against Defendants as follows:

**ON THE FIRST CAUSE OF ACTION:**

1. For all compensatory damages permitted under the applicable statutes;
2. For statutory penalties pursuant to Labor Code Section 203;
3. For interest at the legal rate of interest on the foregoing sums;
4. For an injunction prohibiting Defendants from engaging in such practices;
5. For all other equitable relief available under the applicable statutes;

6. For costs of suit, including attorneys' fees, incurred in prosecuting this action pursuant to applicable statutes; and

7. For such other and further relief as the Court deems just and proper.

**ON THE SECOND CAUSE OF ACTION:**

1. For disgorgement by Defendants and restitution of the value of all wages and monies unjustly retained by Defendants as a result of the enforcement of Defendants' unlawful vacation policies;

2. For interest at the legal rate of interest on the foregoing sum;

3. For an injunction prohibiting Defendants from engaging in such practices;

4. For costs of suit incurred in prosecuting this action;

4. For attorneys' fees incurred in prosecuting this action pursuant to Code of Civil Procedure Section 1021.5; and

5. For such other and further relief as the Court deems just and proper.

DATED: 4/4/11

LAW OFFICES OF SHELDON A. OSTROFF

By:____________________________
Sheldon A. Ostroff, APC
Attorneys for Plaintiff

DATED: 4/5/11

HUFFMAN & KOSTAS
A Partnership of Professional Corporations

By:____________________________
James C. Kostas, APC
Attorneys for Plaintiff

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 450-7071 | |
| PLAINTIFF(S) / PETITIONER(S): Raymond Tschudy | |
| DEFENDANT(S) / RESPONDENT(S): JC Penney Corporation Inc | |
| TSCHUDY VS. JC PENNEY CORPORATION INC | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2011-00088964-CU-BT-CTL |

Judge: Ronald S. Prager Department: C-71

**COMPLAINT/PETITION FILED:** 04/05/2011

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2011-00088964-CU-BT-CTL CASE TITLE: Tschudy vs. JC Penney Corporation Inc

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | *FOR COURT USE ONLY* |
|---|---|
| PLAINTIFF(S): Raymond Tschudy | |
| DEFENDANT(S): JC Penney Corporation Inc | |
| SHORT TITLE: TSCHUDY VS. JC PENNEY CORPORATION INC | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2011-00088964-CU-BT-CTL |

Judge: Ronald S. Prager Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Non-binding private arbitration
- ☐ Mediation (private)
- ☐ Binding private arbitration
- ☐ Voluntary settlement conference (private)
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Neutral evaluation (private)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ______

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ______

Alternate neutral (for court Civil Mediation Program and arbitration only): ______

Date: ______ Date: ______

______
Name of Plaintiff

______
Name of Defendant

______
Signature

______
Signature

______
Name of Plaintiff's Attorney

______
Name of Defendant's Attorney

______
Signature

______
Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 04/05/2011

______
JUDGE OF THE SUPERIOR COURT

FACSIMILE
(619) 544-0892

LAW OFFICES OF
SHELDON A. OSTROFF
A PROFESSIONAL LAW CORPORATION
1441 STATE STREET
SAN DIEGO, CALIFORNIA 92101

TELEPHONE
(619) 544-0881
(760) 353-6000

April 5, 2011

Via Certified Mail, Return Receipt Requested

California Labor and Workforce
Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Re: *Raymond Tschudy v. J. C. Penney Corporation, et al.*
*SDSC Case No.: 37-2011-00088964-CU-BT-CTL*
*California Code Section 2699 and 2699.3*

Dear Sir or Madam:

Pursuant to California Labor Code Section 2699 and 2699.3, please accept this remittance as Plaintiff's formal notice of the specific violations of the California Labor Code that they allege have been violated by Defendant J. C. Penney Corporation, Inc. (hereinafter referred to as "Defendant"), including the facts and theories which support the alleged violations.

Plaintiff is a former employee of Defendant. Plaintiff alleges, and Defendant denies, that it adopted, implemented and enforced a vacation policy in violation of Labor Code Sections 201, 202, 204 and 227.3 and California case law.

Plaintiff has filed a complaint in the San Diego Superior Court alleging violations of the Labor Code Sections set forth in the previous paragraph for which he now seeks to collect penalties authorized by Labor Code Section 2699.

Kindly advise the undersigned with respect to your intent to investigate the alleged violations within the time prescribed by Labor Code Section 2699.3.

Very truly yours,

LAW OFFICES OF SHELDON A. OSTROFF

Sheldon A. Ostroff

SAO:lh

cc: CT Corporation System, 818 W. 7th Street, Los Angeles, CA 90017, Agent for Service of Process for J. C. Penney Corporation, Inc. (via certified mail)
J. C. Penney Corporation, Inc., 6501 Legacy Dr. Plano, TX 75024 (corporate office headquarters) (via certified mail)