UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND TSCHUDY, individually, on behalf of himself, all others similarly situated, and on behalf of the general public,<br>　　　　Plaintiff,<br>　　v.<br>J. C. PENNEY CORPORATION, INC., a Delaware corporation; and DOES 1 to 100, inclusive,<br>　　　　Defendants. | Case No.: 11cv1011   JM-CAB<br>**ORDER GRANTING MOTION TO SEVER ILLINOIS PLAINTIFFS AND TRANSFER VENUE OF ILLINOIS PLAINTIFFS' CLAIMS**<br>Docket No. 50 |

**I. BACKGROUND**

In April 2011, Plaintiff Raymond Tschudy filed a class action complaint in San Diego Superior Court claiming that Defendant J.C. Penney Corporation, Inc. ("JCP") violated several California laws by failing to fully compensate employees for unused paid vacation time. The action was removed to this court shortly thereafter. On February 8, 2012, the court granted Plaintiffs' motion to file a second amended complaint, which also contains claims against JCP by several Plaintiffs residing in Illinois. JCP now moves to transfer the Illinois Plaintiffs' claims from this court to the Northern District of Illinois. For the reasons stated below, the motion is GRANTED.

1

## II. LEGAL STANDARD AND DISCUSSION

### A. Standard for Venue Transfer

Venue transfer is governed by 28 U.S.C. § 1404(a), which states that an action can be transferred to another district "[f]or the convenience of the parties and witnesses, in the interest of justice" if the case could have originally been brought in the transferee court. Here, there is no dispute that the Illinois Plaintiffs' claims could have been brought in the Northern District of Illinois, so the court need only examine whether transfer would serve the interest of justice and be more convenient for the parties and witnesses. District courts may look to a host of factors in deciding whether to transfer venue, including (but not limited to) (1) which state is more familiar with the governing law, (2) the respective parties' contacts with the forum, (3) plaintiff's choice of forum, (4) ease of access to witnesses and other evidence, and (5) differences in litigation costs. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). The Ninth Circuit has also enumerated several public interest factors appropriate for consideration, including (1) court congestion, (2) the local interest in trying localized controversies at home, (3) avoidance of unnecessary conflict of laws problems, and (4) unfairness of burdening citizens in an unrelated forum with jury duty. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

In general, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal, 805 F.2d at 843. However, "[t]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff's venue choice is not its residence or where the forum chosen lacks a significant connection to the activities alleged in the complaint." Center for Biological Diversity v. Lubchenco, 2009 WL 4545169 at *4 (N.D. Cal. 2009) (unreported decision). See also Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968) ("If the operative facts have not

occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled to only minimal consideration.").

**B. Important Factors in this Case**

Though both Plaintiffs and Defendant have factors weighing in their favor, on balance the court finds that transfer to the Northern District of Illinois will better serve convenience and the interest of justice.

1. Plaintiffs' Choice of Forum

The parties agree that because Plaintiffs seek to represent a class in this litigation, their choice of forum is given less weight than it would be given in a typical case. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) (explaining that while "great weight is generally accorded plaintiff's choice of forum," less weight is accorded to that choice if they represent a class); Rafton v. Rydex Series Funds, 2010 WL 2629579 at *2 (N.D. Cal. 2010). Further, as explained above, Plaintiffs' choice of forum is given less deference because this district has no connection to the parties or events that occurred in Illinois. See Pacific Car & Foundry Co., 403 F.2d at 954. Plaintiffs point out that they have not filed the case in this district in order to gain a procedural advantage, but only because the California Plaintiffs' claims are also pending here. While that may be true, the nature of Plaintiffs' motive does not alter the fact that the Illinois Plaintiffs have little or no connection to California, and thus does not persuade the court to accord Plaintiffs' choice of forum more weight. In sum, while the Plaintiffs' choice of forum will be considered in the court's calculus, it will not be granted significant deference.

2. Familiarity with Governing Law

JCP's motion urges the court to transfer the case because an Illinois court would be better equipped to decide claims under Illinois law. Plaintiffs' opposition argues that because California and Illinois laws are almost identical on the subject at hand, this factor does not weigh in favor of trying the case in Illinois. The parties devote a significant portion of their briefs to

discussing case law and pointing out the similarities and distinctions that exist between the states' case law authority.

First, the court notes that performing the inquiry requested by Plaintiffs may be somewhat imprudent: in order to determine whether the laws are indeed identical in all situations that could arise in this litigation, the court would be required to look deeply into Illinois case law. If the court were to master Illinois law sufficiently to decide at this point whether Illinois law and California law are identical, it would necessarily be similarly equipped to decide issues of Illinois law regardless of whether the laws are identical.

As demonstrated by the briefs, Plaintiffs are undoubtedly correct that at least the states' laws are similar, but this threshold consideration does not establish that a California court would be necessarily adept at applying Illinois law. At this stage the parties have not yet advanced the totality of their legal arguments, and it is therefore uncertain whether each state's precedent would call for identical conclusions. Without more factual development, the court cannot even be certain that JCP's policy was applied in the same manner in both states. Thus, it is premature at this juncture to gauge this court's capacity to apply Illinois law to Illinois circumstances with the same knowledge and judgment as an Illinois court. Despite this current uncertainty, the court notes that federal judges frequently examine the laws of other states without great moment or angst. Given this consideration, the fact that an Illinois court might be able to decide this case more skillfully weighs only slightly in favor of transfer.

3. Convenience of Witnesses and Evidence and Judicial Economy

The parties also disagree about the level of inconvenience that will be created if the Illinois claims are tried in this district. JCP argues that the existence of documentary evidence in other areas will create inconvenience and that it would be difficult for the court to perform long-distance supervision of any injunctive relief that might be granted. These concerns are valid, but JCP has not made a strong showing that it would be difficult to produce electronic records or

4

transport paper documents to California. Further, the necessity of significant hands-on oversight of any injunction is mere speculation at this point and seems rather unlikely.

Of more concern is the inconvenience that may be caused by requiring witnesses to travel because of the litigation. On this point, Plaintiffs maintain that the interpretation of this contract is principally a judicial function. While much of this litigation may hinge on questions of law, that does not foreclose the possibility that witnesses will be necessary to testify as to JCP's practices in Illinois and California. And while JCP may have overstated the risk as to the number of people that may be required to travel if the case were to remain in this district, a potential for significant witness inconvenience would arise if the case were to remain in this district.

Relatedly, the court notes that substantial discovery will be necessary for the litigation of this case. Such discovery will undoubtedly be centered on the JCP stores in which Plaintiffs have worked. Managing that discovery is often a hands-on task that requires constant supervision by the court. Thus, even though some judicial resources might be saved by consolidating the cases into one district, such savings likely could be outweighed by the difficulty of long-distance management of discovery in Illinois.

4. Site of Events Giving Rise to Case

While none of the factors above weigh heavily in one direction or another, the fact that all of the Illinois Plaintiffs' claims arise out of events that occurred in Illinois unequivocally creates a public interest in trying the case in Illinois. Without strong considerations weighing on the other side of the balance, there is little logic behind requiring this district to expend its resources or require jurors to decide claims of Illinois residents that arose in Illinois. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

### III. CONCLUSION

The Illinois Plaintiffs had little reason to file in California other than the fact that this case was already pending on behalf of the California Plaintiffs. Thus, the Plaintiffs' choice of forum is not controlling. While trying the claims together could preserve some resources, those savings would likely be outweighed by other inefficiencies that would be created. Further, a California court and California jurors have little interest in taking on a case with no relation to this district. Consequently, Defendant's motion is GRANTED; the claims of the Illinois Plaintiffs are hereby severed and transferred to the Northern District of Illinois.

**IT IS SO ORDERED.**

DATED: April 27, 2012

Jeffrey T. Miller
United States District Judge