UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND TSCHUDY, indivdually, on behalf of himself, all others similarly situtatied, and on behalf of the general public,<br><br>　　　　　　　Plaintiffs,<br>v.<br>J.C. PENNEY CORPORATION, INC., a Delaware corporation and Does 1 to 100, inclusive,<br><br>　　　　　　　Defendant. | Case No. 11cv1011 JM(KSC)<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT |

　　　This Court, having granted Preliminary Approval of the Settlement of the claims asserted in the above-captioned matter on June 7, 2017 (Doc No. 226), having reviewed all filings in connection with the Named Plaintiffs' Motion for Final Approval of Settlement Agreement of Class Action Claims, and For an Award of Attorneys' Fees and Costs and other related materials submitted by the Parties, as well as the presentation of Plaintiffs Raymond Tschudy, Sheila Walker and Kamryn Candelaria (the "Named Plaintiffs") and Defendant J.C. Penney Corporation, Inc. ("JCPenney") (collectively, the "Parties") at the Hearing on Final Approval, and being fully informed and good cause appearing therefore,

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.	This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d)(2), including all Settlement Class Members of the class preliminarily certified for settlement purposes only by the Order dated June 7, 2017 (Doc No. 226), and defined as follows:

> All former Part-Time Non-Management Associates (i) employed by JCPenney in California in that capacity between April 5, 2007 and October 20, 2016, (ii) whose employment with JCPenney terminated between April 5, 2007 and October 20, 2016; and (iii) who did not sign an arbitration agreement in connection with their employment with JCPenney.

2.	The Court finds that the Settlement Class satisfies the requirements of Rule 23(a) and Rule 23(b)(3). The Court certifies the Settlement Class defined above and in Section 2.37 of the Parties' Settlement Agreement for purpose of settling this Class Action.

3.	The Court finds that the Notice of Class Action Settlement ("Class Notice") satisfies Rule 23(c)(2)(B) and Rule 23(e)(1). The Class Notice, sent to the Class Members via First Class Mail, adequately informed the Settlement Class Members of (1) the terms of the Settlement Agreement, (2) their estimated recovery, (3) that no action was required to receive a settlement payment, (4) their right to request exclusion from the Settlement and pursue their own remedies, and (5) their opportunity to file written objections and to appear and be heard at the hearing on final approval of the Settlement Agreement. The Class Notice also adequately informed the Settlement Class Members of additional resources available for further information, including the telephone numbers of Class Counsel and the Settlement Administrator, as well as a website from which Class Members could obtain additional information and view documents regarding this action and the settlement.

4.	The Settlement was reached pursuant to arm's-length negotiations between the Parties and has the support of Class Counsel and Counsel for Defendant, both of whom have significant experience representing parties in complex class actions. The absence of any objections to the Settlement by the Class Members likewise supports

approval of the Settlement.  Finally, the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

5. The Maximum Settlement Fund in the amount of $1,750,000.00, as set forth in the Settlement Agreement, is a fair, reasonable and adequate settlement of the settled and Released Claims.

6. The Court finds that the Settlement is fair, reasonable, and adequate to all Class Members and hereby grants final approval of the proposed Settlement Agreement. The Court further finds that the strength of the Named Plaintiffs' case on the merits, weighed against Defendant's defenses, and the complexity, length, and expense of further litigation, support final approval of the Settlement Agreement at this time.

7. Within ten (10) business days of this Order, Defendant shall transfer the Maximum Settlement Fund of $1,750,000.00 to the Settlement Administrator.

8. Within eighteen (18) calendar days after receipt of the Maximum Settlement Fund, the Settlement Administrator shall mail all Participating Settlement Class Members their Settlement Awards from the Net Settlement Fund (the amount that remains after subtracting Court-awarded attorneys' fees and costs, the Settlement Administrator's fee, and Named Plaintiffs' Service Awards).  Pursuant to the terms of the Settlement Agreement, one-third (1/3) of each Settlement Award shall be allocated as wages, one-third (1/3) shall be allocated as penalties, and one-third (1/3) shall be allocated as interest.

9. The deadline for the Named Plaintiffs and Participating Settlement Class Members to cash settlement checks shall be one-hundred eighty (180) days from the date of the settlement checks. The total value of any settlement checks that are not negotiated within 180 days of the date of such checks shall be distributed to the Labor and Workforce Development Agency, a organization mutually selected by the Parties. The Labor and Workforce Development Agency has a principal purpose of enforcing and ensuring compliance with California's labor laws.  The Settlement Administrator

shall identify the name of each Participating Class Member whose Settlement Award was distributed to the Labor and Workforce Development Agency and the amount of each such Participating Class Member's Settlement Award.

10.     Class Counsel is awarded $612,500.00, thirty-five percent (35%) of the Maximum Settlement Fund, for attorneys' fees, and $58,849.49 for reasonable costs incurred. The Settlement Administrator shall pay Class Counsel's attorney's fees and costs within five (5) business days after receipt of the Maximum Settlement Fund from Defendant in accordance with the terms of Settlement Agreement.

11.     The Court approves Service Awards to Named Plaintiffs Raymond Tschudy, Sheila Walker and Kamryn Candelaria in the amount of $5,000.00 each, for assisting Class Counsel with the prosecution of this Class Action, including conferring with Class Counsel, providing deposition testimony, answering written discovery, producing documents, and providing sworn declarations. Within eighteen (18) calendar days after receipt of the Maximum Settlement Fund, the Settlement Administrator shall mail checks to Class Counsel payable to Raymond Tschudy, Sheila Walker and Kamryn Candelaria for their Service Award in accordance with the terms of the Settlement Agreement.

12.     The Court approves the costs of administration incurred by American Legal Claim Services, LLC, the Settlement Administrator appointed by the Court, in the amount of $64,519.00. Within five (5) calendar days after receipt of the Maximum Settlement Fund, the Settlement Administrator is authorized to pay itself the sum of $64,519.00 for the cost of administering this settlement in accordance with the terms of the Settlement Agreement.

13.     The Court further orders that all Settlement Class Members who did not timely exclude themselves from the Settlement hereby fully release and discharge Defendant as set forth in the Settlement Agreement from any and all Released Claims as defined in the Settlement Agreement.

14.     Based on the Declaration of American Legal Claim Services, LLC, Settlement Administration, filed on October 5, 2017, the Court finds that Jerome L.

Parker, Amy Elizabeth Vargo, Jolene Marie Noland, Greta Roshell Atkins, Janice Owens, Helen W. Young, Pa Vang, Daniela Del Carmen Barrera and Alythea Reade filed timely requests to be excluded from the Settlement.  As a result, the Court finds that Jerome L. Parker, Amy Elizabeth Vargo, Jolene Marie Noland, Greta Roshell Atkins, Janice Owens, Helen W. Young, Pa Vang, Daniela Del Carmen Barrera and Alythea Reade are excluded from the Settlement Class certified herein, is/are not bound by the terms of the Settlement Agreement, and is/are not entitled to receive any payment as a result of this Settlement.  The timely requests for exclusion represent .03449% (9/26,094) of the Class Members.

15.   Based on the Declaration of American Legal Claim Services, LLC, Settlement Administration, filed on October 5, 2017, the Court finds that no objections were filed.

16.   The Court grants final approval of the Settlement.  This Court retains jurisdiction for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms.  Upon satisfaction of the terms of the Settlement Agreement, the Settlement Administrator shall terminate the Settlement Account and shall serve and file its final report, and the Parties shall submit a joint motion to enter a judgment dismissing the Class Action with prejudice.

IT IS SO ORDERED.

DATED: November 3, 2017

Hon. Jeffrey T. Miller
United States District Judge